**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| NANCY LOMANTO, | ) | NO. SA CV 09-379-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 27, 2009, seeking review of the Commissioner's denial of benefits. Both parties consented to proceed before a United States Magistrate Judge. Plaintiff filed a motion for summary judgment on July 13, 2009. Defendant filed a

1    motion for summary judgment on August 10, 2009.  The Court has taken

2    both motions under submission without oral argument.  See L.R. 7-15;

3    "Order," filed March 31, 2009.

4

5                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

6

7         Plaintiff asserts disability since March 2, 2006, based on, <u>inter</u>

8    <u>alia</u>, alleged mental impairments (Administrative Record ("A.R.") 97,

9    498-505).  Plaintiff's treating psychiatrist opined Plaintiff has a

10   mood disorder of disabling severity (A.R. 498-505).  The

11   Administrative Law Judge ("ALJ") rejected this opinion and found

12   Plaintiff has no severe mental impairment (A.R. 24-35).  As part of

13   the rationale for rejecting the treating psychiatrist's opinion, the

14   ALJ stated that "the progress notes [from Plaintiff's mental health

15   treatment] fail to support significant symptoms of a mood disorder"

16   (A.R. 28).  The copies of the progress reports appearing in the

17   Administrative Record are partially illegible (A.R. 457-65).  The

18   Appeals Council denied review (A.R. 1-4).

19

20                          **STANDARD OF REVIEW**

21

22        Under 42 U.S.C. section 405(g), this Court reviews the

23   Administration's decision to determine if: (1) the Administration's

24   findings are supported by substantial evidence; and (2) the

25   Administration used correct legal standards.  See <u>Carmickle v.</u>

26   <u>Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>,

27   499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

28   relevant evidence as a reasonable mind might accept as adequate to

1  support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401

2  (1971) (citation and quotations omitted); <u>see</u> <u>Widmark v. Barnhart</u>,

3  454 F.3d 1063, 1067 (9th Cir. 2006).

4

5                              **DISCUSSION**

6

7       Social Security Ruling ("SSR") 85-28[1] governs the evaluation of

8  whether an alleged impairment is "severe":

9

10      An impairment or combination of impairments is found 'not

11      severe' . . . when medical evidence establishes only a

12      slight abnormality or a combination of slight abnormalities

13      which would have no more than a minimal effect on an

14      individual's ability to work . . . i.e., the person's

15      impairment(s) has no more than a minimal effect on his or

16      her physical or mental ability(ies) to perform basic work

17      activities . . .

18

19      Great care should be exercised in applying the not severe

20      impairment concept.  If an adjudicator is unable to

21      determine clearly the effect of an impairment or combination

22      of impairments on the individual's ability to do basic work

23      activities, the sequential evaluation process should not end

24      with the not severe evaluation step.

25  ///

26  _____

27       [1]   Social Security rulings are binding on the
    Administration.  <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1
28  (9th Cir. 1990).

1     If such a finding [of non-severity] is not clearly

2     established by medical evidence, however, adjudication must

3     continue through the sequential evaluation process.  SSR 85-

4     28 at 22-23.

5

6     See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the

7     severity concept is "a de minimis screening device to dispose of

8     groundless claims").

9

10    In the present case, the medical evidence does not "clearly

11   establish [ ]" the non-severity of Plaintiff's alleged mental

12   problems.  Plaintiff has received therapy and medication for her

13   alleged mental problems.  Her treating psychiatrist, who believes the

14   problems to be disabling, also believes Plaintiff has experienced

15   these problems since December of 2006 (A.R. 498-505).  According to

16   the treating psychiatrist, the prognosis is "guarded" (A.R. 498).  The

17   record contains conflicting evidence, but the conflicts in the

18   evidence do not "clearly establish" the non-severity of Plaintiff's

19   alleged mental problems.  Accordingly, the Administration's decision

20   violated SSR 85-28 and the Ninth Circuit authorities cited above.

21

22    The respect ordinarily owed to treating physicians' opinions

23   buttresses the Court's conclusion that the ALJ erred.  Treating

24   physicians' opinions "must be given substantial weight."  Embrey v.

25   Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876

26   F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to

27   the subjective aspects of a doctor's opinion . . .  This is especially

28   true when the opinion is that of a treating physician") (citation

omitted).   Even where the treating physician's opinions are
contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the
treating physician he . . . must make findings setting forth specific,
legitimate reasons for doing so that are based on substantial evidence
in the record."   Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)
(citation, quotations and brackets omitted); see Rodriguez v. Bowen,
876 F.2d at 762 ("The ALJ may disregard the treating physician's
opinion, but only by setting forth specific, legitimate reasons for
doing so, and this decision must itself be based on substantial
evidence") (citation and quotations omitted); McAllister v. Sullivan,
888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for
rejecting the treating physician's opinions do not suffice).

    Section 404.1512(e) of 20 C.F.R. provides that the Administration
"will seek additional evidence or clarification from your medical
source when the report from your medical source contains a conflict or
ambiguity that must be resolved, the report does not contain all of
the necessary information, or does not appear to be based on medically
acceptable clinical and laboratory diagnostic techniques."   See Smolen
v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he
needed to know the basis of Dr. Hoeflich's opinions in order to
evaluate them, he had a duty to conduct an appropriate inquiry, for
example, by subpoenaing the physicians or submitting further questions
to them.   He could also have continued the hearing to augment the
record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441,

---

[2]    Rejection of an uncontradicted opinion of a treating
physician requires a statement of "clear and convincing" reasons.
Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v.
Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

In the present case, the ALJ rejected the treating physician's opinion, at least in part, based on a finding that "the progress notes fail to support significant symptoms of a mood disorder" (A.R. 28). The Court is unable to evaluate whether this finding constitutes a legitimate reason for rejecting the opinion of the treating physician because the progress notes in the Administrative Record are partially illegible.  The Court cannot affirm an administrative decision where, as here, material portions of the Administrative Record are illegible. See Brissett v. Heckler, 730 F.2d 548, 550 (8th Cir. 1984).

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case.  In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits

1  directed where "(1) the ALJ has failed to provide legally sufficient
2  reasons for rejecting such evidence, (2) there are no outstanding
3  issues that must be resolved before a determination of disability can
4  be made, and (3) it is clear from the record that the ALJ would be
5  required to find the claimant disabled were such evidence credited."
6  Harman at 1178 (citations and quotations omitted).  Assuming,
7  arguendo, the Harman holding survives the Supreme Court's decision in
8  INS v. Ventura, 537 U.S. 12, 16 (2002),[3] the Harman holding does not
9  direct reversal of the present case.  Here, there are "outstanding
10 issues that must be resolved before a determination of disability can
11 be made."  Further, it is not clear from the record that the ALJ would
12 be required to find Plaintiff disabled for the entire claimed period
13 of disability were the opinions of the treating physician credited.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25
26
27        [3]    The Ninth Circuit has continued to apply Harman despite
28 INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th
   Cir. 2004).

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 24, 2009.


_____/S/_____
                CHARLES F. EICK
          UNITED STATES MAGISTRATE JUDGE

---

[4]    The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.